IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00495-MSK-MEH

ETHEL HIXSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
KAREN CHASE, M.D.
KENT MADSON, R.P.T.,
THOMAS FITZGERALD, M.D.
HILTON C. RAY, M.D. and HILTON C. RAY M.D., P.C., AND
PHYSICAL THERAPY PLUS OF LAMAR, INC.,

    Defendants.

## ORDER ON MOTION FOR PROTECTIVE ORDER

Pending before the Court is Plaintiff's Motion for Protective Order to Preclude Defendants from Disclosing Medical Records Containing Reference to Unrelated, Irrelevant Medical Conditions and from Meeting Ex Parte with Plaintiff's Treating Physicians [filed June 5, 2009; docket #49]. The Motion is referred to this Court for disposition. (Docket #50.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

**I.     Background**

Plaintiff alleges that Defendants failed to properly diagnose and treat a thoracic spinal tumor, resulting in permanent disabling injuries. Among other claims for damages, Plaintiff's Complaint alleges mental anguish, pain and suffering, loss of enjoyment of life and damages for permanent

1

impairment. It is likely that a major component of any damage award will be the significant cost of attendant care, which depends largely on Plaintiff's longevity.

Plaintiff seeks to prevent Defendants from contacting her medical care providers *ex parte*. She also seeks to limit the scope of disclosure or discovery of Plaintiff's "unrelated confidential information." Plaintiff has identified numerous prior and current medical conditions that are unrelated to the claims in this case. Predictably, Defendants argue for a broad view of relevance as it relates to Plaintiff's medical condition. Further, Defendants argue that any privilege relating to medical records has been waived by the scope of the claims in this case.

## II. Discussion

The undersigned takes a fairly broad view of relevance, consistent with the Federal Rules of Evidence, particularly when, as here, the Plaintiff seeks significant monetary damages. Further, as all parties note, there is no federal physician-patient privilege.[1] Although some of the medical treatment that Plaintiff has received in recent years may have little or nothing to do with her current case, she certainly has suffered from medical conditions that may impact both her longevity and such intangibles as pain and suffering and enjoyment of life. It is not practical to rule on Plaintiff's Motion by engaging in an ailment-by-ailment analysis, particularly when many of the medical records likely contain information about multiple conditions that the Plaintiff has suffered. Therefore, the better practice is to require production of all medical records for a reasonable time period[2] and police their dissemination through an appropriate protective order. The parties are

---

[1] Moreover, the Court believes that a waiver theory would likely apply even if the Court were to examine the state law concerning privilege.

[2] The parties do not address the time period involved for production of medical records. Therefore, the Court requests that the parties *reasonably* negotiate this issue and come to an

directed to confer and propose such an order that will address confidentiality issues (including Social Security number, etc.) and will govern the procedure of the parties' handling of records as well as filing of records under seal. The Court does not believe that ordering Plaintiff's counsel to be the gatekeeper for such information is efficient, because it will only result in distrust and will multiply motions practice in this case.

As for Defendants' request to compel signed releases from the Plaintiff, the Court is not inclined in this instance to depart from prior rulings which prefer the issuance of subpoenas for such records. However, the Court requests that Plaintiff reconsider her position concerning executing the releases. This is the most efficient manner in which to address the collection of medical records, and in a case such as the present, limiting costs and increasing efficiency should be paramount in every party's approach to litigation (particularly if it promotes settlement, which, in the undersigned's opinion, executing such releases would do).

Finally, at this time, the Court agrees with Plaintiff concerning *ex parte* communications with Plaintiff's medical care providers. In the context of this matter, the Court finds persuasive the conclusions in *Neal v. Boulder*, 152 F.R.D. 325, 327-28 (D. Colo. 1992). The *Neal* Court recognized that courts are generally split on the issue of *ex parte* communications between counsel and treating physicians; however, the court considered the "better-reasoned" view to be that which recognized the value in allowing the treating physician, or physicians as in this case, to treat his or her patient within the parameters of state law doctor-patient privilege during the course of litigation. *Id.* at 328. The Court believes that, considering Plaintiff's medical care needs and longevity issues,

---

agreement. For example, records dating 22 or 30 years ago (*see* Docket #86) would not appear to the Court to be of reasonable temporal relevance. All counsel on this case are experienced in medical malpractice actions and should be able to come to a consensus.

the parties should first engage in the review of Plaintiff's medical records subject to the protections previously discussed in this Order and then conduct the necessary depositions. At this stage of the litigation, the Court perceives no compelling need for Defendants to engage in *ex parte* communications with Plaintiff's treating physicians.

### III.  Conclusion

Accordingly, Plaintiff's Motion for Protective Order to Preclude Defendants from Disclosing Medical Records Containing Reference to Unrelated, Irrelevant Medical Conditions and from Meeting Ex Parte with Plaintiff's Treating Physicians [filed June 5, 2009; docket #49] is **GRANTED IN PART** and **DENIED IN PART** as follows:

> The parties shall draft a proposed protective order consistent with the terms of this Order and file the proposed protective order with the Court on or before **July 22, 2009**;
>
> At this time, the Court declines to compel signed releases from Plaintiff; and
>
> At this time, the Court prohibits Defendants from meeting *ex parte* with Plaintiff's treating physicians.

Dated at Denver, Colorado, this 8th day of July, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge