IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00495-MSK-MEH

ETHEL HIXSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA by and through Mary Shy, F.N.P., and High Plains Community Health Center,
KAREN CHASE, M.D.,
KENT MADSEN, R.P.T.,
HILTON C. RAY, M.D.,
HILTON C. RAY, M.D., P.C.,
THOMAS J. FITZGERALD, M.D., and
PHYSICAL THERAPY PLUS OF LAMAR, INC.,

    Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to the Court's Order issued July 8, 2009 [docket #95], all parties have offered to submit to a Protective Order to assure Plaintiff that her records will be used only in connection with the defense of this case.  The Court, having reviewed the parties' proposal, HEREBY ORDERS:

    1.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

    2.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of the parties.  Some of

1

the information requested or disclosed may be subject to the Privacy Act and this Protective Order is intended to protect such information as well. CONFIDENTIAL information shall not be disclosed or used for any purpose, except for the preparation and trial of this case.

      3.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the written consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to the following persons:

      (a)      attorneys actively working on this case;

      (b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by such in the preparation for trial, at trial, or at other proceedings in this case;

      (c)      the parties, including designated representatives for Defendant;

      (d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (e)      the Court and its employees ("Court Personnel");

      (f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g)      deponents, witnesses, or potential witnesses;

      (h)      insurers for any of the Defendants; and

      (i)      other persons by written agreement of the parties.

      4.      The parties agree than any DOCUMENT disclosed in this case, whether CONFIDENTIAL or other, will not contain Plaintiff's social security number. In this regard, Plaintiff shall be responsible for identifying any instance of a social security number to be redacted from all DOCUMENTS in a privilege log. The parties agree to redact the social

security number on all pages identified by Plaintiff on her privilege log.  The Defendants shall not be responsible to search for or redact Plaintiff's social security number except as identified by Plaintiff.

5. The parties agree that any CONFIDENTIAL information used as an exhibit to a pleading or motion filed on the PACER system will be filed <u>under seal</u> to ensure protection of Plaintiff's confidential medical information.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to <u>in camera</u> review by the Court if good cause for review is demonstrated by the opposing party.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be destroyed or returned to the party that designated it CONFIDENTIAL. If destroyed, notice that the destruction will take place or has taken place will be provided. Provided, however, this paragraph shall not apply to:

    (a) documents maintained as part of any defendant's own medical records regarding the plaintiff in the ordinary course of business;
    (b) documents maintained as part of the claim file of any defendant's insurer in the ordinary course of its business; or

    (c) documents maintained by any party's attorney as part of that attorney's case file in the ordinary course of his/her business.

4

CONFIDENTIAL documents maintained by any insurer or attorney shall remain subject to all other provisions of this order.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this 24th day of July, 2009.

BY THE COURT:

  s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

s/ Natalie Brown
Natalie Brown
LEVENTHAL, BROWN & PUGA, P.C.
950 S. Cherry St., Suite 600
Denver, CO 80246
Telephone:  (303) 759-9945
Attorneys for Plaintiffs

s/ Mark A. Stinnett
Mark A. Stinnett
Stinnett Thiebaud & Remington LLP
1445 Ross Avenue
Fountain Place #4800
Dallas, TX 75202
214-954-2200
Attorney for HILTON C. RAY, M.D. & HILTON C. RAY, M.D., P.C.

s/ David B. Gelman
David B. Gelman
Kennedy Childs & Fogg, PC-Denver
1050 17th Street Independence Plaza #2500
Denver, CO 80265-2080
Attorney for KENT MADSEN, R.P.T. & PHYSICAL THERAPY PLUS OF LAMAR

s/ Terry Fox_____
Terry Fox, Esq.
Assistant United States Attorney,
1225 Seventeenth Street, Suite 700,
Denver, Colorado 80202.
(303) 454-0158; fax 303-454-0404
terry.fox@usdoj.gov
Attorney for Defendant United States of America


s/ Christine Anne Craigmile_____
Christine Anne Craigmile
McConnell, Siderius, Fleischner, Houghtaling & Craigmile LLC
4700 S Syracuse St #200
Denver, CO 80237
303-480-0400
Attorney for KAREN CHASE, M.D.

s/ John M. Palmeri_____
John M. Palmeri
Gordon & Rees, LLP-Denver
370 17th Street #4450
Denver, CO 80202
303-534-5160
Attorney for THOMAS FITZGERALD, M.D.