IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00495-MSK-MEH

ETHEL HIXSON,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
KAREN CHASE, M.D.
KENT MADSON, R.P.T.,
THOMAS FITZGERALD, M.D.
HILTON C. RAY, M.D. and HILTON C. RAY M.D., P.C., AND
PHYSICAL THERAPY PLUS OF LAMAR, INC.,

      Defendants.

## ORDER ON MOTION FOR CLARIFICATION

Pending before the Court is Defendant United States' Motion for Clarification of the Scope of the Court's July 7, 2009 Order [filed July 15, 2009; docket #98]. The Motion is referred to this Court for disposition. (Docket #99.) The matter is fully briefed, and the Court held a Telephonic Motion Hearing on July 30, 2009. (Docket #100.) For the reasons stated below, the Court **GRANTS** Defendant United States' Motion as follows.

On July 8, 2009, the Court issued an order granting in part and denying in part a Motion for Protective Order filed by Plaintiff. (*See* dockets #49, 95.) In this order, the Court noted that there is no federal physician-patient privilege and suggested a waiver theory would likely apply in any event. (Docket #95 at 2.) The Court required the parties to draft an appropriate protective order purposed to govern the dissemination of Plaintiff's medical records, which was completed and entered on July 25, 2009. (Docket #104.) The Court declined to compel signed medical releases

from Plaintiff, and also prohibited Defendants from meeting *ex parte* with Plaintiff's treating physicians.

In prohibiting the *ex parte* meetings at that time, the Court looked to *Neal v. Boulder*, 142 F.R.D. 325 (D. Colo. 1992) for guidance. Notably, the *Neal* matter did not concern an FTCA claim against the United States. As stated in this Court's July 8, 2009 order, the *Neal* Court recognized that courts are generally split on the issue of *ex parte* communications between counsel and treating physicians; however, the court considered the "better-reasoned" view to be that which recognized the value in allowing the treating physician, or physicians as in this case, to treat his or her patient within the parameters of state law doctor-patient privilege during the course of litigation. *Id*. at 328. The Court emphasizes to the parties that, by citing to *Neal*, it did not conclude state privilege law applied in this matter. The Court stated its perception that the parties should first engage in the review of Plaintiff's medical records subject to the protections discussed in the July 8, 2009 order and then conduct the necessary depositions, considering Plaintiff's ongoing medical needs. At that time, the Court found no compelling reason for Defendants to engage in *ex parte* communications with Plaintiff's treating physicians. (Docket #95 at 3-4.)

As described by Defendant United States, the circumstances are now changed. In the Motion for Clarification, Defendant United States asks the Court to clarify that the July 8, 2009 order "imposes no restriction upon each Defendants' ability to communicate with their own employees, including the United States' right to communicate with government employees, including Dr. Javaid." (Docket #98 at 13.) Plaintiff continues to receive medical treatment from the High Plains Community Health Care center ("HPCHC"), which is a federally-funded entity.[1] (Docket #43 at 1.)

---

[1] On June 12, 2009, the Court granted the United States' unopposed request to be substituted as a party in the place of the High Plains Community Health Center and Mary Shy, F.N.P. (Docket #52.)

2

Plaintiff's primary care physician at HPCHC is Dr. Javaid. (Docket #98 at 3.) Defendant United States represents to the Court that communication with Dr. Javaid is necessary for a few reasons. One, Dr. Javaid "has relevant information about [Plaintiff's] prognosis and what type of care she has received and will need on an ongoing basis." (*Id.*) Two, Dr. Javaid "served as the Medical Director for HPCHC for a period of time and even had supervisory duties over Ms. Shy," and thus, could have information crucial to a proper defense. (Docket #106 at 2.) Three, the federal Health and Human Services requested the U.S. Attorney's Office to represent Dr. Javaid for the purposes of his deposition in this matter. (Docket #98 at 3.) The government believes it should be able to discuss the deposition with Dr. Javaid before it takes place, and those communications would be subject to attorney-client and work product privileges. (Docket #106 at 8.) For the following reasons, the Court agrees with Defendant United States and concludes its July 8, 2009 order imposes no restriction upon Defendant United States' right to communicate with government employees, including Dr. Javaid.

The crux of Plaintiff's response to Defendant United States' request relies on Plaintiff's belief that the Court determined the state physician-patient privilege applies in this matter. As explained, the *Neal* case informed the Court's decision on Plaintiff's Motion for Protective Order, but in no way did the Court determine state privilege applies. Furthermore, as all parties noted in the briefing on Plaintiff's Motion for Protective Order, there is no federal physician-patient privilege. (Docket #54 at 11; docket #86 at 3, 8.)

The government correctly points the Court to its holding in *Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278 (D. Colo. Apr. 14, 2008). In *Cutting*, the Court concluded, "federal common law privilege jurisprudence governs in FTCA cases, because federal policy interests, attendant with exclusive jurisdiction over the United States, are at issue, not the state law

interests contemplated in Fed. R. Evid. 501." 2008 WL 1775278 at *2. Therefore, in this FTCA case, federal privilege law controls, and no physician-patient privilege exists under federal law. *Whalen v. Roe,* 429 U.S. 589, 602 n.28 (1977) ("The physician-patient ... privilege is unknown to the common law."); *Northwestern Memorial Hosp. v. Ashcroft,* 362 F.3d 923, 926 (7th Cir. 2004) (holding that HIPAA regulations do not create a federal physician-patient privilege). The Court finds Defendant United States' reasons for communicating with Dr. Javaid compelling, and as no physician-patient privilege applies to this matter, the Court determines it lacks authority to preclude such communication.

Accordingly, Defendant United States' Motion for Clarification of the Scope of the Court's July 7, 2009 Order [filed July 15, 2009; docket #98] is **GRANTED**, and the Court holds its July 8, 2009 order imposes no restriction upon Defendant United States' right to communicate with government employees, including Dr. Javaid.

Dated at Denver, Colorado, this 30th day of July, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge